**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARY SOENKSEN, | ) |
| | ) |
| Plaintiff, | ) Case No.: 12 - 2437 |
| | ) |
| vs. | ) |
| | ) |
| TAKEDA PHARMACEUTICALS NORTH | ) |
| AMERICA, INC., an Illinois Corporation, | ) |
| k/n/a Takeda Pharmaceuticals, U.S.A., Inc. | ) |
| and AETNA LIFE INSURANCE COMPANY, | ) |
| of Hartford, Connecticut, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES Plaintiff, Mary Soenksen ("Soenksen"), by and through her attorneys, Pinzur, Cohen & Kerr, Ltd., and for her Complaint against Takeda Pharmaceuticals North America, Inc., k/n/a Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") and Aetna Life Insurance Company, of Hartford, Connecticut ("Aetna"), states as follows:

**JURISDICTION AND VENUE**

1. This action arises pursuant to Section 502(a)(2) and (a)(3) of the Employer Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132(a)(2) and (A)(3).

2. The lawsuit concerns the Long Term Disability Plan ("The Plan"), an employee benefit plan within the meaning of ERISA, established and maintained by Takeda as a benefit for employees. The Plan attached to and incorporated herein as Exhibit "A".

3. The Plan is underwritten by Aetna.

4. Plaintiff, Mary Soenksen, is an individual residing in Vernon Hills, Lake County, Illinois.

5. Defendants, Takeda, is an Illinois corporation with its principal place of business located in Lake County, Illinois. Takeda engages in pharmaceutical related activities.

6. Soenksen is a former employee of Takeda.

7. Defendant, Aetna is an insurance company doing business in the State of Illinois.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) as Defendant has violated Plaintiff's right under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

9. Venue is proper in this District as the Defendants conduct business in this forum on an ongoing continuos basis.

### THE PLAN

10. The Plan is a "employee long-term disability plan", within the meaning of ERISA.

11. The Plan is underwritten by Aetna for employees of Takeda.

12. Mary Soenksen was an insured under the ERISA Plan/Group Control Number 0466046 issued by her Employer, Takeda. On information and belief, Aetna is the administrator of The Plan.. The Plan provides insureds like Mary Soenksen, long term disability benefits.

13. On or about August 25, 2009, Mary Soenksen became disabled and was unable to perform her regular occupation as a Senior Accounts Receivable Coordinator.

14. Mary Soenksen applied for disability benefits with "Takeda" on or about August 26, 2009. On or about September 11, 2009, Aetna certified Soenksen's short term disability benefits from August 26, 2009 through September 13, 2009 and subsequently extended the benefit through February 21, 2010.

15. In a letter dated April 16, 2010, Takeda improperly found Mary Soenksen did not meet the policy definition of disabled and denied her application for long-term disability benefits. Denial letter attached hereto as Exhibit "B".

16. Soenksen's doctor, Peter G. Allegretti, determined she is unable to perform her job as a Senior Accounts Receivable Coordinator.

17. Medical records document Mary Soenksen has been diagnosed with multiple physical impairment, including Rheumatoid Arthritis, Fribromyalgia, Colitis, IBS, Gastritis and HTN.

18. On October 29, 2009, Soenksen's physician, Dr. Peter G. Allegretti, M. D. notes on the Attending Physician Statement, that Soenksen has "No ability to work." See, Exhibit "C", attached to and incorporated herein.

19. In answering the question concerning Mary Soenksen health dated January 28, 2009, and attached hereto as Exhibit "D", Dr. Peter G. Allegretti indicates Soenksen is "unable to perform any past relevant work." .

20. In a similar decision dated March 28, 2011, from the Social Security Administration, the Administrative Law Judge concluded that beginning August 26, 2009, Mary Soenksen has had impairments which make it impossible for her to return to her former employment or make an adjustment to other work, attached hereto as Exhibit "E".

21. Despite medical evidence to the contrary, Aetna found Mary Soenksen could return to work and denied her application for long-term disability. Her appeal was denied by letter dated December 31, 2010, attached hereto as Exhibit "F". Mary Soenksen has now exhausted her appeal rights under ERISA.

22. As of this date, Mary Soenksen has been denied benefits rightfully owing to her under the policy. Aetna denied Soenksen's long-term disability benefits without basis and contrary to the evidence.

23. Mary Soenksen is entitled to long-term disability benefits based on the evidence presented by her physicians, medical reports and tests as she was no longer able to perform the duties of her occupation and unable to perform any reasonable occupation because of her medical conditions.

24. The policy states disability after the first 24 months is defined as "if you are not able to work at any reasonable occupation solely because of disease; or injury."

25. The Defendant did not establish and maintain a reasonable claim procedure or provide a full and fair view of Mary Soenksen's claim as required by ERISA. Instead, they acted only in their own pecuniary interests and violated ERISA by conduct including but not limited to the following: reviewing the claim in a manner calculated to reach the desired result of denying benefits and failing to properly consider and credit the medical opinions of Mary Soenksen's medical providers.

26. Upon information and belief, the policy does not grant discretionary authority to determine eligibility for benefits to Aetna or to any other entity who may have adjudicated Mary Soenksen's claim. Therefore, the Court should review the Plaintiff's claim for benefits under a *de novo* standard. *Firestone Tire & Rubber Company v. Bruch,* 489 U. S. 101, 115(1989). In the alternative, the denial of previous benefits constitutes an abuse of discretion.

27. Mary Soenksen has exhausted any applicable administrative review procedures and Aetna's decision to deny payment of benefits is both erroneous and unreasonable and has caused tremendous financial hardship on Plaintiff.

**CAUSE OF ACTION**

## ERISA (CLAIM FOR BENEFITS OWED UNDER PLAN)

28. The policy issued by Aetna is incorporated into, and forms a part of, the employee benefit plan sponsored by Mary Soenksen's employer. At all times relevant to this action, Mary Soenksen was a participant of the plan within the meaning of 29 U.S.C. Section 1002(7) and was eligible to receive disability benefits under the plan.

29. As more fully described above, the denial and refusal to pay Mary Soenksen's benefits under the plan for the period from at least on or about August 25, 2009 through the present constitutes a breach of Defendants' obligations under the plan and ERISA. The decision to deny benefits to Mary Soenksen constitutes an abuse of discretion and its decision was not reasonable and was not based on substantial evidence.

30. Mary Soenksen brings this action to recover benefits due to her and to enforce her rights under the plan pursuant to 29 U.S.C. Section 1132(A)(1)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mary Soenksen, by and through her attorneys Pinzur, Cohen & Kerr, Ltd., prays this Court to enter Judgment for Plaintiff and otherwise enter an Order providing:

1. The applicable review in this case is *de novo*.

2. The Court may take and review the records of Defendant and any other evidence that is necessary to conduct an adequate *de novo* review.

3. From at least August 25, 2009 through the present, Mary Soenksen met the policy's definition of disabled.

4. Defendant shall pay to Mary Soenksen all benefits due for the period from at least February 21, 2010 through the present in accordance with the policy.

5. Defendant shall pay to Mary Soenksen such prejudgment interest as allowed by law.

6. Defendant shall pay Mary Soenksen's cost of litigation and any and all reasonable costs and damages permitted by law.

7. Defendant shall pay Mary Soenksen's attorney fees.

8. Plaintiff shall receive such further relief against Defendant as this Court deems lawful, just and proper.

                                                                Respectfully submitted,

                                                                /s/ Megan L. Kerr
                                                                Megan L. Kerr

Robert S. Pinzur
Laura E. Cohen
Megan L. Kerr
Brian S. Brewer
Pinzur, Cohen & Kerr, Ltd.
4180 RFD Route 83, Suite 208
Long Grove, Illinois 60047
847-821-5290
847-821-5293 (fax)
mkerr@pckltdlaw.com

Attorneys for Plaintiffs