```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

MARY SOENKSEN,                     )
                                   )
        Plaintiff,              )
                                   )
  v.                               )    No. 12 C 2437
                                   )
TAKEDA PHARMACEUTICALS NORTH       )
AMERICA, INC., etc., et al.,       )
                                   )
        Defendants.             )

## MEMORANDUM ORDER

Takeda Pharmaceuticals North America Inc. ("Takeda") and Aetna Life Insurance Company ("Aetna") have filed their joint Answer and Affirmative Defenses ("ADs") to this action, in which Mary Soenksen ("Soenksen") contends she was improperly denied long term disability benefits under the employee benefit plan ("Plan") maintained by Takeda and underwritten by Aetna. This memorandum order is occasioned by some problematic aspects of that responsive pleading. No effort will be made here to be exhaustive--instead what follows identifies some illustrative examples of a mindset at odds with the basic purposes of federal pleading.

For example, given the notice pleading principles that govern federal pleading--principles that apply to plaintiffs and defendants alike--it is always troubling to encounter unjustified quibbles that some defense counsel seem to regard as appropriate. Thus Answer ¶3 admits an allegation that the Plan "is underwritten by Aetna," yet Answer ¶11 denies a virtually

identical allegation. That sort of quibble also mars Answer ¶10, which would appear to call for a simple "admit."

In much the same vein, Answer ¶13 denies that Soenksen "became disabled and was unable to perform her regular occupation as a Senior Account Receivable Coordinator," while Answer ¶14 admits that Soenksen applied for and received short term disability benefits (no doubt because such a disability and inability to do her job were found to exist). And it is likewise difficult to square the Takeda-Aetna admission in the first sentence of Answer ¶17 with the second sentence's denial of "the remaining allegations contained in Paragraph 17--for there don't seem to be any "remaining allegations."

Next, Answer ¶19 denies the allegations in Complaint ¶19, the principal aspect of which refers to Soenksen's doctor having "indicate[d] Soenksen is 'unable to perform any past relevant work'" in the doctor's January 28, 2009 submission attached as Complaint Ex. D. But in fact Ex. D, in addition to providing particulars, stated this in its Paragraph 5(a) statement of Soenksen's "Abilities/Limitations":

> No ability to work. Severe limitation of functional capacity; incapable of minimal activity.

Although Soenksen's counsel can thus be faulted for putting "any past relevant work" in quotation marks instead of the language quoted here, the flat-out denial in Answer ¶19 tends to leave a misleading impression.

2

As indicated at the outset there is a good deal more, but what has been said to this point should suffice to encourage defense counsel to substitute a common sense approach for the nitpicking that occupies too much of the current pleading. It can only be hoped that the manner in which this dispute is litigated will reflect a more open effort to pose disputed issues in a more constructive way.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: June 25, 2012