IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARY SOENKSEN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 C 2437 |
| | ) |
| **TAKEDA PHARMACEUTICALS NORTH** | ) |
| **AMERICA, INC. WELFARE PLAN**, an | ) |
| Illinois corporation, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Mary Soenksen ("Soenksen") has sought discovery in her action challenging the denial by Takeda Pharmaceuticals North America, Inc. Welfare Plan ("the Plan") and Aetna Life Insurance Company ("Aetna") of Soenksen's claim for Plan benefits, and that request has triggered a full set (indeed, a good deal more than the usual full set) of memoranda dealing with the legal issues involved in that respect. Because the Plan-Aetna position reflects a bizarre notion of the meaning of "de novo" -- the standard that both sides agree is applicable to this Court's consideration of Soenksen's claim -- the motion is granted.

Ever since Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989) ("Bruch") was decided, the conventional wisdom in ERISA benefits cases has been that appropriate plan language can limit the judicial consideration of administrative decisions on benefits to the question whether those decisions are arbitrary and capricious. But in Diaz v. Prudential Ins. Co. of Am., 424 F.3d 635, 637 (7th Cir. 2005) our Court of Appeals explained that in some situations Bruch teaches the application of de novo review instead, and the court therefore remanded the

case for reconsideration in those terms. And when the District Court also got it wrong the second time around, Diaz II, 499 F.3d 640, 643 (7th Cir. 2007) reinforced Diaz I's earlier teaching.

Because the confusion that the two Diaz opinions sought to clear up appears to be contagious (or at least has reappeared in the Plan-Aetna submissions here), it is worth repeating the explanation in Diaz II. Here it is (499 F.3d at 643):

> The district court's task in engaging in *de novo* consideration of the decision of the plan administrator is not the same as its job in reviewing administrative determinations on the basis of the record the agency compiled under the substantial evidence rule, as it might do in a Social Security benefits case. *See Ramsey v. Hercules Inc.*, 77 F.3d 199, 205 (7th Cir. 1996). Some of the confusion in this area may be attributable to the common phrase " *de novo* review" used in connection with ERISA cases. In fact, in these cases the district courts are not *reviewing* anything; they are making an independent decision about the employee's entitlement to benefits. In the administrative arena, the court normally will be required to defer to the agency's findings of fact; when *de novo* consideration is appropriate in an ERISA case, in contrast, the court can and must come to an independent decision on both the legal and factual issues that form the basis of the claim. What happened before the Plan administrator or ERISA fiduciary is irrelevant. *See Patton v. MFS/Sun Life Financial Distributors, Inc.*, 480 F.3d 478, 485-86 (7th Cir. 2007). That means that the question before the district court was not whether Prudential gave Diaz a full and fair hearing or undertook a selective review of the evidence; rather, it was the ultimate question whether Diaz was entitled to the benefits he sought under the plan. *See Wilczynski v. Kemper Nat. Ins. Companies*, 178 F.3d 933, 934-35 (7th Cir. 1999).

Given that explanation, the proposed conclusion reached in the last sentence of the following excerpt from page 2 of the Plan-Aetna submission filed June 13, 2014[1] seems almost oxymoronic:

---

[1] As an indication of the memorandum overload with which this Court has been favored, here is the caption of that most recent submission: Defendants' Response To Plaintiff's Second Supplemental Memorandum in Response To Defendants' Objection To Plaintiff's Request for Discovery [D/E 52].

- 2 -

> In *Diaz v. Prudential Ins. Co. of America*, 499 F.3d 640, 643(7th Cir. 2007), the Seventh Circuit stated that when *de novo* review is appropriate what happened before the plan administrator is irrelevant. The courts have made it clear that in a *de novo* review, the evidence concerning the administrative process is of no weight. *See Kuznowicz v. Wrigley Sales Co., LLC*, 2013 WL 4052381, at *13 (N.D. Ill. August 12, 2013) (the court stated what happened before the plan administrator is irrelevant in a *de novo* review). Thus consistent with the case law of this circuit, it is Defendants' position that discovery in this case is unnecessary.

In this instance, however, the administrative treatment (or lack of treatment) of the views of Soenksen's treating physician Dr. Peter Allegretti particularly calls for fleshing out through further discovery,[2] and further medical information that bears on whether Soenksen was or was not disabled when she applied for benefits also has potential to be useful. As stated at the outset, Soenksen's motion is granted, and this action is set for a next status hearing at 9 a.m. on August 28, 2014.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: July 8, 2014

---

[2] In that respect, for example, two documents emanating from Dr. Allegretti and contained in the administrative record are puzzling in nature and require further elaboration or explanation or both.

[3] If the parties run into further problems in connection with the scope of discovery, it may be appropriate to refer those to a Magistrate Judge to be decided by lot (the originally assigned Magistrate Judge, Honorable Martin Ashman, has passed away), for this Court is not in a position to engage in continuous monitoring. That however remains to be seem.